UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DAVID HENDERSON, as personal
representative of the Estate of Leroy Henderson,

      Plaintiff,

v.                                                          Civ. No. 11-0168 MV/ACT

UNITED STATES OF AMERICA and
JOHN DOE NAVAJO NATION/BIA
OFFICERS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b) [Doc. 19]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be GRANTED.

## BACKGROUND

On September 20, 2008, at approximately 9:30 a.m., employees at the Giant Gas Station in Kirtland, New Mexico reported to the San Juan County Sheriff's Department a man who appeared to be driving while intoxicated. Doc. 1 (Complaint) ¶ 8. A San Juan County deputy sheriff located the vehicle and pursued it through Kirtland until it entered the Navajo Reservation. *Id.* ¶ 9. Navajo Police Officers (identified by the government as Samuel Sloan and Frances Yazzie III) (the "Officers") began tailing the vehicle once it entered the Navajo Reservation on Navajo Road 36, and the sheriff's deputies discontinued pursuit. *Id.* ¶ 10. The Officers continued their pursuit of the vehicle, which ended on Navajo Road 5010 in Sanostee,

south of Shiprock, at approximately 10:30 a.m. *Id.* ¶ 11. The pursuit ended with the Officers fatally shooting the driver, Leroy Henderson. *Id.* ¶ 12.

On February 18, 2011, Plaintiff filed a Complaint to Recover Damages Resulting From Violations of the Federal Tort Claims Act ("FTCA"). Doc. 1. The Complaint alleges three claims against the United States under the FTCA, namely, a claim of battery (Count I), a claim of negligent danger creation (Count II), and a claim of negligent hiring, training and supervision (Count III). In addition, the Complaint sets forth a *Bivens* claim against the Officers, alleging that they deprived Mr. Henderson of his Fourth Amendment rights (Count IV). *Id.*

On December 7, 2011, Defendants filed the instant motion to dismiss the Complaint. Doc. 20. Defendants argue that, because the Officers were not federal law enforcement officers, Plaintiff's claims against the government are barred by an exception to the FTCA that prohibits the filing of lawsuits against the United States based on intentional torts committed by anyone other than a federal law enforcement officer. *Id* at 1-2. Similarly, Defendants argue that because the Officers were not acting as federal employees or agents, Plaintiff's constitutional claim against the Officers must be dismissed. *Id.* at 18-19. Plaintiff filed its response on January 10, 2012, arguing that, in light of the government's representation that the officers involved in Mr. Henderson's shooting were Navajo Nation officers, this Court "must defer to the Navajo Nation Court for it to determine whether it has jurisdiction over the action against the police officer[s]." Doc. 26. at 1. Plaintiff requests that the Court either dismiss this action without prejudice, or stay the action pending Plaintiff's exhaustion of his tribal remedies. *Id.* at 2. Defendants filed a reply on January 25, 2012, "welcoming" the dismissal of this action without prejudice. Doc. 27 at 4. As set forth herein, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against the government, and that Plaintiff has failed to state a claim upon which relief can

be granted against the Officers.  Accordingly, dismissal without prejudice, as requested by both parties, is warranted.

## LEGAL STANDARD

I.	Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).  Plaintiff bears the burden of establishing this Court's jurisdiction over its claims.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).  Before considering the merits of a case, the Court is responsible for ensuring that it has subject matter jurisdiction.  *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992).

Under Rule 12(b)(1), a party may assert by motion the defense of the Court's "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Motions to dismiss for lack of subject matter jurisdiction "take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which the subject matter jurisdiction is based."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  On a facial attack, the Court considers the complaint's allegations to be true. *Id.*  On the other hand, when the motion challenges the factual basis for an action, the Court "may not presume the truthfulness of the complaint's factual allegations."  *Campos v. Las Cruces Nursing Ctr.*, No. CIV 11-0096, 2011 WL 5238921, *4 (D.N.M. Sept. 30, 2011) (citation omitted).  Rather, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.*  Reference to evidence outside the pleadings does not convert the motion to a summary judgment

motion. *Id.* If, however, the jurisdictional issues are intertwined with the merits of the case, the Court should resolve the motion under Rule 12(b)(6) or Rule 56. *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999).

II.     Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1950.

## **DISCUSSION**

I. Lack of Subject Matter Jurisdiction Over Plaintiff's FTCA Claims

  Absent its consent, the United States is immune from suit, "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hart v. Dep't of Labor*, 116 F.3d 1338, 1339 (10th Cir. 1997) (citation omitted). In the FTCA, the United States waived its sovereign immunity with respect to tort claims, subject to certain exceptions. *See* 28 U.S.C. § 1346(b)(1). Pursuant to the intentional tort exception, "the general waiver of sovereign immunity effected by the Act only extends to suits for intentional torts such as 'assault [and] battery. . .', if the conduct of 'investigative or law enforcement officers of the United States Government' is involved." *Dry v. United States*, 235 F.3d 1249, 1257 (10th Cir. 2000) (quoting 28 U.S.C. § 2680(h)). For purposes of the intentional tort exception, "an investigative or law enforcement officer" means "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Here, Defendants argue that Plaintiff's three claims against the United States arise out of assault and battery; and because the Officers were not investigative or law enforcement officers of the United States government, under the intentional tort exception, the United States is immune from suit. The Court agrees.

  First, the FTCA's "waiver of sovereign immunity does not apply to any claim arising out of assault or battery." *United States v. Shearer*, 473 U.S. 52, 54 (1985). Plaintiff's claims of battery, negligent danger creation, and negligent hiring, training and supervision all arise out of the battery committed by the Officers, namely, their intentional shooting of Mr. Henderson. "No semantical recasting of events can alter the fact that the battery was the immediate cause of [Mr. Henderson's] death and, consequently, the basis of [Plaintiff's] claim." *Id.* at 55. That

5

Plaintiff styled two of his three claims as negligence claims, rather than as assault or battery, is of no moment: A claimant "cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery." *Id.* (emphasis in original). Plaintiff's claims of negligent danger creation and negligent hiring, training and supervision are dependent upon the relationship of the United States to the Officers. *See Martinez v. United States*, 311 F. Supp. 2d. 1274, 1279 (D.N.M. 2004). Accordingly, Counts I, II and III of the Complaint state claims arising out of an assault or battery falling within the scope of Section 2680(h), and thus must be dismissed for lack of subject matter jurisdiction unless the Officers were investigative or law enforcement officers. *See id.*

The Complaint alleges that the Officers "were performing functions as Tribal Police Officers under a contract or agreement between the Navajo Nation and the Bureau of Indian Affairs in the U.S. Department of the Interior, which contract or grant agreement was authorized by the Indian Self-Determination Act, 25 U.S.C. §§ 450, *et seq.* [The Officers] were thus carrying out the Navajo Nation's obligations under said contract of grant agreement. [The Officers] are therefore deemed employees of the Bureau of Indian Affairs. . . ." Doc. 1 ¶ 7. Federal regulations make clear that "[t]ribal law enforcement officers operating under a BIA contract [such as the one here] are not automatically commissioned as Federal officers; however, they may be commissioned on a case-by-case basis." 25 C.F.R. § 12.21(b). Although "the BIA is authorized to delegate the responsibility of enforcing federal law on Indian lands to tribal police, . . . to do so, the BIA must approve and issue federal commissions called 'special law enforcement commissions' or 'SLEC's' to individual tribal officers determinated to be qualified on a case-by-case basis." *Boney v. Valline*, 597 F. Supp. 2d 1167, 1177 (D. Nev. 2009). Here,

6

the Complaint does not allege that the Officers were commissioned as federal officers, and the undisputed evidence demonstrates that the BIA did not issue SLEC cards to the Officers at any time.  *See* Doc. 20-3 ¶ 5.  Thus, regardless of whether the Officers were *federal employees*, as the Complaint alleges, for purposes of Section 2680(h), they were neither commissioned as *federal officers* nor acting to enforce federal law when they pursued and shot Mr. Herderson.  Accordingly, the Officers were not federal investigative or law enforcement officers, and the intentional tort exception applies.  *See Dry*, 235 F.3d at 1258 (intentional tort exception applied where tribal officers acted under authority inherent in Choctaw Nation's sovereignty, despite Choctaw/BIA contract, and thus were not federal officers within meaning of 28 U.S.C. § 2680(h)); *Locke v. United States*, 215 F. Supp. 2d 1033, 1038-39 (D.S.D. 2002) (tribal officer was not a federal officer, and the United States thus was not liable for officer's intentional torts, where officer had not received commission from BIA, despite Tribe's self-determination contract with BIA), *aff'd*, 63 F. App'x 971 (8th Cir. 2003).  Counts I, II and III of the Complaint thus must be dismissed for lack of subject matter jurisdiction.

II.     Failure to State a *Bivens* Claim

Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority.  *Dry*, 235 F.3d at 1255.  Here, Plaintiff alleges that the Officers deprived Mr. Henderson of his Fourth Amendment rights by killing him.  Doc. 1 ¶¶ 40-41.  As discussed above, however, while alleging that the Officers were BIA employees, the Complaint acknowledges that, in pursuing Mr. Henderson, who had been reported to be driving while intoxicated, the Officers "were performing functions as Tribal Police Officers."  *Id.* ¶ 7.

7

Additionally, as discussed above, the Officers had not been granted special law enforcement commissions by the BIA. Under similar circumstances, the Tenth Circuit held that tribal officers effecting arrests were acting not as federal officers or otherwise under color of state law, but rather pursuant to their inherent criminal jurisdiction. *Dry*, 235 F.3d at 1255-56; *see also Boney*, 597 F. Supp. 2d at 1177 (officer was acting as tribal officer, attempting to enforce tribal law, when he used deadly force against plaintiff's son, and defendant thus did not qualify as federal actor for liability under *Bivens*). The factual allegations in the Complaint do not establish that the Officers acted as federal employees or agents, or under color of federal law, in pursuing and shooting Mr. Henderson. Accordingly, as in *Dry*, Plaintiff's constitutional claims against the Officers in their individual capacity must be dismissed for failure to state a claim. *Dry*, 235 F.3d at 1255.

## CONCLUSION

Plaintiff's claims against the United States arise out of assault and battery; because the Officers were not investigative or law enforcement officers of the United States government, under the intentional tort exception to the FTCA, the United States is immune from suit. The Court thus lacks subject matter jurisdiction over Plaintiff's FTCA claims. Additionally, the factual allegations in the Complaint do not establish that the Officers acted as federal employees or agents, or under color of federal law, in pursuing and shooting Mr. Henderson. Plaintiff's constitutional claims against the Officers in their individual capacity thus must be dismissed for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b) [Doc. 19] is **GRANTED**, as follows: Counts I, II and III of the

Complaint are dismissed without prejudice, pursuant to Fed. R. Civ. P. 12(b)(1); and Count IV of the Complaint is dismissed without prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

DATED this 19th day of September, 2012.

_____
MARTHA VAZQUEZ
United States District Court Judge